Caruthers, J.,
delivered the opinion of the Court.
This is an action of ejectment brought by the plaintiff to recover a tract of land in Fentress county. The Bank had a judgment against the defendant and others, upon which execution was issued and levied ■upon the land sued for, by the sheriff, Bledsoe, who .failed to sell for want of bidders. This execution with the proper endorsements, was returned to the ensuing term of the Court, and a venditioni exponas issued, under which, or an alias, the sale of the land was made by Bledsoe, after his term of. office had expired, and the plaintiff became the pui’chaser. A deed was made by the successor of Bledsoe to the Bank. This was the title relied upon by the plaintiff for a recovery, and the Circuit Judge decided it was insufficient. There was a verdict for the defendant, motion for a new trial overruled, and appeal in error to this Court.
The only material question is upon the legality of a sale of land by a sheriff after the expiration of his term, under a venditioni exponas, issued upon a levy made by him while in office. We think such a sale is utterly void for want of authority, and vests no title in the purchaser. It would be otherwise in case of personal property, because in that case by the levy, the title, is vested in the sheriff, for the satisfaction of the execution, and he has the same power to sell it after, as before the expiration of his term — it is “unfinished business” in his hands, and he has a right to finish it by a sale, even without the aid of the statutes on that subject, In such cases the levy upon sufficient *307 property to satisfy tbe execution, is a satisfaction in law, certain exceptions made by statutes out of the Way, and binds him for the debt. Not. so in the case of real estate. There is no change of title un- " til the sale is made in that case. No title is vested in the sheriff by the levy, nor does it operate as a satisfaction, or make him liable for the debt. Consequently his power as well as duty in relation to it, ceases upon the return of the fi. fa., with his action upon it to the Court. A venditioni exponas, is a new process in the case, and can only communicate powers, and impose duties upon the sheriff then in office. The ex-sheriff has no more authority to act under it than an unofficial stranger.
But the several statutes giving an- out-going sheriff two years after the expiration of his term to wind up his “ unfinished business,” are relied upon in argument to avoid the principles stated, and to validate the sale of Bledsoe in this case. This was not “ unfinished business.” His business in connection with this matter was finished when he made ' a proper return of his action to the Court, and if he had continued in office the execution of the subsequent writ under which the sale was made, would have been new business. Without undertaking to define what is meant in these statutes by the phrase “ unfinished business,” it is enough, to say now, that it does not embrace the case under consideration.
Again it is objected, that the Court allowed the fact that Bledsoe’s term of service had expired, and his successor was in office at the time of the sale to be proved by parol. This fact, it is insisted, could *308 only be proved by the records of the County Court. If this objection could be sustained in any case, it surely cannot in one like this, where the deed presented by the plaintiff, upon which alone he relied for title, expressly sets forth those facts and is made by the successor, and the return of the sale, upon the writ of venditioni exponas, is made and signed by Bledsoe, as “former sheriff.”
There is then no error in the case, and the judgment is affirmed.